UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X          **C/M**
:
WILLIAM RICHARD PRATT,                                        :
:
Plaintiff,                     :
:          **MEMORANDUM DECISION AND**
- against -                     :          **ORDER**
:
SHAWANNA VEAZY; RASHAWN                                       :
CASSAR; DAWOND CARRINGTON;                                    :          17-cv-4530 (BMC)(LB)
DARRYL STRICKLAND; HILDA KRYEZIV;                             :
SKYLINE MEN'S SHELTER (GARDEN                                 :
INN); BLACK VETERANS FOR SOCIAL                               :
JUSTICE INC.; PAMOJA HOUSE, Black                             :
Veteran's for Social Justice Shelter,                        :
:
Defendants.                    :
-------------------------------------------------------------- X

**COGAN,** District Judge**.**

Plaintiff *pro se* brings this action against Skyline Men's Shelter, five of its employees, the

Black Veterans for Social Justice d/b/a Pamoja House (another shelter), and its unnamed evening

supervisor, alleging that they "ridiculed and questioned [his] religious beliefs" and "prohibited

religious observances." It appears that as part of his religious practices, plaintiff was burning

candles and incense in violation of shelter policies prohibiting smoking and open flames.

Skyline transferred plaintiff to Pamoja House but it apparently has the same policies, and

plaintiff has not been able to perform his religious observances. He has brought this case under

42 U.S.C. § 1983 for his First Amendment violations.

Under 28 U.S.C. § 1915, a district court shall dismiss an *in forma pauperis* action where

it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief

may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

relief." 28 U.S.C. § 1915(e)(2)(B). The Court construes plaintiff's *pro se* pleadings liberally,

particularly where they allege civil rights violations.  <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>Sealed Plaintiff v. Sealed Defendant #1</u>, 537 F.3d 185, 191-92 (2d Cir. 2008).

Even reading *pro se* plaintiff's allegations with "special solicitude" and interpreting them to raise the "strongest arguments that they suggest," <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 475-76 (2d Cir. 2006) (internal quotation marks omitted), plaintiff's complaint states no legally cognizable claim.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." <u>Baker v. McCollan</u>, 443 U.S. 137, 144 n.3 (1979).  To maintain a § 1983 action, a plaintiff must allege that both the conduct complained of was "committed by a person acting under color of state law" and that the conduct "deprived [plaintiff] of rights, privileges or immunities secured by the Constitution or laws of the United States."  <u>Pitchell v. Callan</u>, 13 F.3d 545, 547 (2d Cir. 1994).

Even assuming plaintiff could demonstrate a deprivation of his constitutional rights, he does not allege that the defendants are state actors and there is no indication that the shelters are state actors or that they acted "under color of state law."  <u>See</u> <u>Tancredi v. Metro. Life Ins. Co.</u>, 316 F.3d 308, 312 (2d Cir. 2003) (requiring a plaintiff alleging constitutional violations under § 1983 to show state action); <u>Al-Qadaffi v. Acacia Network</u>, No. 16-cv-5423, 2016 WL 6072374 (E.D.N.Y. Oct. 17, 2016); <u>Chance v. Reed</u>, 538 F. Supp. 2d 500, 507 (D. Conn. 2008) (the plaintiff's § 1983 claims against homeless shelter and its employees for denial of services failed because the defendants were not state actors despite the fact that the organization received federal and state funds).  Therefore, the § 1983 claims against defendants are dismissed for failure to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

Because plaintiff is proceeding *pro se*, I have also considered whether he might have a claim under the Fair Housing Act ("FHA"), or Title VIII of the Civil Rights Act of 1968. Congress enacted the FHA to "provide, within constitutional limits, for fair housing throughout the United States." 42 U.S.C. § 3601. The FHA provides, in relevant part, that "it shall be unlawful . . . (a) [t]o refuse to sell or rent after the making of a *bona fide* offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin" or "(b) [t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604. Although the FHA's definition of dwelling has been interpreted to include homeless shelters, see Jenkins v. N.Y.C. Dep't of Homeless Servs., 643 F. Supp. 2d 507, 517-18 (S.D.N.Y. 2009), plaintiff's claim does not concern housing discrimination covered by the FHA because his allegations do not relate to the sale or rental of a dwelling, but rather to challenging the rules prohibiting open fires in a homeless shelter. The "otherwise make unavailable" clause may expand the prohibited activities of § 3604(a) beyond simply renting and selling, but even under the most liberal construction, plaintiff's allegation that he was not allowed to burn candles and light incense at the shelter does not state a FHA claim.

The Court has considered whether to grant plaintiff leave to amend his complaint and determines that amendment here would be futile. Although district courts generally should not dismiss a *pro se* complaint without granting the plaintiff leave to amend, the Court need not grant leave where any amendment would be futile. See, e.g., Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (finding leave to replead futile where the complaint, even when read liberally,

did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe").  Here, there is no amendment that plaintiff could make that would permit his claims to proceed; there is simply no federal law, judicial holding, or constitutional provision that guarantees an individual the right to practice religious observances that include the right to burn candles and incense at a homeless shelter.

The complaint is therefore dismissed for failure to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       August 3, 2017